UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **CARADY HINTON** | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **RANDOLPH COUNTY MISSOURI,** | ) ) |
| **RANDOLPH COUNTY MISSOURI SHERIFF'S OFFICE,** | ) ) )   Cause No.: 24-278 |
| **ELDON GRISSOM,** in his individual and official capacities, | ) ) ) |
| **ADAIR COUNTY MISSOURI,** | )   **JURY TRIAL DEMANDED** |
| **ADAIR COUNTY MISSOURI SHERIFF'S OFFICE,** | ) ) ) |
| **AARON WILSON,** in his individual and official capacities, | ) ) ) |
| **CURTIS STILL,** in his individual and official capacities, | ) ) ) |
| **JANE AND JOHN DOES,** | ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff, by and through counsel, and for her Complaint, states:

**Parties, Jurisdiction, and Venue**

1. Plaintiff is an individual who resides in Missouri.

2. Defendant Randolph County ("Randolph") is a county located in the State of Missouri.

1

3. Randolph County Sheriff's Office runs the Randolph jail and is responsible for inmates.

4. Sheriff Aaron Wilson is in charge of the Randolph County Sheriff's Office, which operates Randolph's jail. He is named in his individual and official capacities.

5. Curtis Still is the Jail Administrator in charge of Randolph's jail and inmates[1].

6. Defendant Adair County ("Adair")[2] is a county located in the State of Missouri.

7. Defendant Adair County Sheriff's Office runs the Adair jail and inmates.

8. Sheriff Eldon Grissom is in charge of Adair County Sheriff's Office. He is named in his individual and official capacities.

9. Jane and John Does worked for or with the County Defendants and the Individual Defendants. These unnamed individuals performed the acts described in this Complaint (which Plaintiff incorporates by references as if set forth fully herein), during the relevant time period. Jane and John Does are named in their individual and official capacities.

10. This Court has original jurisdiction over these claims under 28 U.S.C § 1331 and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

### Facts Common to All Counts

12. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

13. On February 17, 2023, criminal charges were filed against Plaintiff. The claims were made based on statements from an Adair deputy's stepdaughter. Her cousin signed the probable cause statement. The case was ultimately dismissed.

---

[1] Defendants Grissom, Wilson and Still are collectively referred to as "Individual Defendants".
[2] Defendants Randolph, Randolph County Sheriff's Office, Adair and Adair County Sheriff's Office are collectively referred to as "County Defendants".

14. On February 27, 2023, Adair County issued an arrest warrant for Plaintiff.

15. On February 28, 2023, Plaintiff was arrested and taken to jail by Adair officers, but taken to Randolph jail.

16. In Missouri, detainees are required to have an initial appearance within 48 hours.

17. All Defendants knew they were required to get Plaintiff an initial court appearance within 48 hours.

18. The requirement to have an initial appearance is a ministerial task. There is no discretion to act otherwise.

19. All Defendants had a responsibility to get Plaintiff to court within 48 hours, but all failed to do so.

20. Plaintiff remained in Randolph's jail without an initial court appearance until April 4, 2023, when she was finally picked up by an Adair deputy and transported to Adair's jail. The deputy who picked up Plaintiff was the accuser's stepfather.

21. On multiple occasions, while she was incarcerated in Randolph, Plaintiff alerted the Randolph Defendants and jail staff that she was not given her initial appearance.

22. Plaintiff was not given her first court appearance until April of 2024.

23. On April 19, 2023, Plaintiff had a bond hearing and was released on her own recognizance.

24. Having been imprisoned for so long without a hearing, Plaintiff lost her job, house and was separated from her young son.

25. At all times relevant, Defendants were acting under color of state law.

**Count I: Violation of Plaintiff's Fourth and Fourteenth Amendment Rights to Be Free From Unreasonable Seizure Under 42 U.S.C. § 1983
(Individual Defendants, Individual Capacities, Does in Individual Capacities)**

26. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

27. Due to Individual Defendants' actions and/or inactions, Plaintiff was incarcerated for months without an initial court appearance.

28. The Individual Defendants' conduct deprived Plaintiff of a constitutional right by continuing to incarcerate Plaintiff without an initial appearance within 48 hours of her arrest.

29. The Individual Defendants were acting under color of law.

30. The Individual Defendants were directly responsible for depriving Plaintiff of her freedom.

31. Defendants knew or should have known that Plaintiff was wrongfully incarcerated.

32. As a direct result, Plaintiff was damaged, including pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, lost income, loss of her home and separation from her child.

33. The conduct of these Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiff prays for judgment in her favor and against the Individual Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

**Count II: Violation of Plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment Rights to Due Process under 42 U.S.C. § 1983 (Individual Defendants, Individual Capacities, Does in Individual Capacities)**

34. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

35. Due to Individual Defendants' actions and/or inactions, Plaintiff was incarcerated for months without an initial court appearance.

36. The Individual Defendants' conduct deprived Plaintiff of a constitutional right by continuing to incarcerate Plaintiff without an initial appearance within 48 hours of her arrest.

37. The Individual Defendants were acting under color of law.

38. The Individual Defendants were directly responsible for depriving Plaintiff of her freedom.

39. Defendants knew or should have known that Plaintiff was wrongfully incarcerated.

40. As a direct result, Plaintiff was damaged, including pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, lost income, loss of her home and separation from her child.

41. The conduct of these Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiff prays for judgment in her favor and against the Individual Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

**Count III: Violation of Plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment Rights to Equal Protection under 42 U.S.C. § 1983 (Individual Defendants, Individual Capacities, Does in Individual Capacities)**

42. Plaintiff incorporates the preceding paragraph of this Complaint as if set forth fully herein.

43. Plaintiff was incarnated for much longer than 48 hours prior to receiving her initial appearance.

44. Others similarly situated were not incarcerated for that period of time.

45. The Equal Protection Clause requires government treat all similarly situated people alike.

46. Plaintiff was treated differently than similarly situated individuals.

47. As a direct result, Plaintiff was damaged, including pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, lost income, loss of her home and separation from her child.

48. The conduct of these Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiff prays for judgment in her favor and against the Individual Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

**Count IV: Municipal Custom and/or Failure to Instruct, Train, Supervise, Control and/or Discipline Under 42 U.S.C. § 1983**
**(County Defendants and Individuals in Official Capacities, Does in Official Capacities)**

49. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

50. Plaintiff's constitutional rights were violated as described herein.

51. There exists within the County Defendants and the Individual Defendants in their official capacities, widespread customs, practices and usages that are so pervasive that they constitute the policies of County Defendants and the Individuals in the official capacities, which caused the constitutional depravations, including but not limited to:

   a. Imprisoning individuals without an initial appearance within 48 hours;

   b. Imprisoning individuals that should have been release;

   c. Incarcerating individuals against their will;

   d. Having policies and/or procedures that delegate these responsibilities to others; and

   e. Failing to train, supervise, control, and/or discipline individuals for practices described above to ensure compliance with constitutional rights of individuals as well as state law.

52. County Defendants and the Individuals in their official capacities, demonstrated deliberate indifference to or tacit authorization of the Defendants' misconduct after notice of same.

53. Alternatively, but without waiver of the foregoing, County Defendants' training program was inadequate to train its officers to properly handle reoccurring situations like the one involving Plaintiff in properly making ensuring individuals are not falsely imprisoned. This was deliberately indifferent to the rights of others, including Plaintiff.

54. These deficiencies caused Plaintiff's injuries.

55. Additionally, without waiver of the foregoing, County Defendants and the Individuals in their official capacities, failed to supervise, control, and/or discipline individuals

when they engaged in constitutional violations, such as those set forth here, such that they demonstrated a deliberate indifference to or tacit authorization of such acts.

56. Defendants were all acting under color of law.

57. As a direct result, Plaintiff was damaged, including pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, lost income, loss of her home and separation from her child.

58. The conduct of these Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future

WHEREFORE Plaintiff prays for judgment in her favor and against the Individual Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

### Count V: False Imprisonment (State Law)
### (Individuals in Individual Capacities and Does in Individual Capacities)

59. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

60. Individual Defendants imprisoned, detained and restrained Plaintiff against her will.

61. It was unlawful for the Individual Defendants to imprison, detain and restrain Plaintiff as they did.

62. This was a ministerial task. It is not discretionary.

63. As a direct result, Plaintiff was damaged, including pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, lost income, loss of her home and separation from her child.

64. The conduct of these Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiff prays for judgment in her favor and against the Individual Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

**Count VI: Negligence (Individuals, Individual Capacities, Does in Individual Capacities)**

65. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

66. Individuals owed Plaintiff a duty to ensure she was not wrongfully imprisoned.

67. Ensuring that individuals are not wrongfully imprisoned is a ministerial task. It is not discretionary.

68. Individuals breached that duty by keeping Plaintiff incarcerated in the Randolph jail.

69. As a direct result, Plaintiff was damaged, including pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, lost income, loss of her home and separation from her child.

70. The conduct of these Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

**JURY TRIAL DEMANDED.**

        Respectfully submitted,

        PLEBAN & ASSOCIATES LAW, LLC

by:    /s/ J.C. Pleban
        J.C. Pleban, MO Bar No. 63166
        jc@plebanlaw.com
        C. John Pleban, MO Bar No. 24190
        cpleban@plebanlaw.com
        2010 S. Big Bend Blvd.
        St. Louis, MO 63117
        314-645-6666
        314-645-7376 (FAX)

        *Attorneys for Plaintiff*